IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 4, 2011

**MICHAEL V. MORRIS v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-B-875      Monte Watkins, Judge**

_____

**No. M2010-02069-CCA-R3-PC - Filed January 6, 2012**

_____

The petitioner, Michael V. Morris, appeals the Davidson County Criminal Court's denial of his petition for post-conviction relief from his conviction for aggravated robbery and resulting thirty-year sentence. On appeal, the petitioner contends that he received the ineffective assistance of counsel at trial and on appeal. Specifically, the petitioner contends that trial counsel failed to object to the trial court's sentencing him in violation of ex post facto protections; that appellate counsel failed to address the lack of a written waiver of ex post facto protections; and that trial counsel failed to review discovery, namely a surveillance video of the robbery, with him. Upon review of the record and the parties' briefs, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Dwight E. Scott, Nashville, Tennessee, for appellant, Michael V. Morris.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Roger Moore and Hugh T. Ammerman, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

At trial, Mapco Express employee William Maxey testified that he was working the 11:00 p.m. to 7:00 a.m. shift at the Mapco Express store on Nolensville Road. State v. Michael V. Morris, No. M2006-02738-CCA-R3-CD, 2008 WL 544567, at *1 (Tenn. Crim.

App., at Nashville, Feb. 25, 2008). He was cleaning the coffee service area of the store when the petitioner entered. Id. The petitioner informed Maxey that he had a pistol, and Maxey saw an object under the petitioner's shirt that Maxey believed was a pistol. Id. Maxey complied with the petitioner's demand for cash and cigarettes. Id. The petitioner left the store with fifty to sixty dollars in cash and twelve to fourteen cartons of cigarettes, a total value near $400. Id. at **2-3. Maxey contacted law enforcement after the petitioner left the store. Id. at *1. He identified the petitioner as the robber in a photographic lineup three months after the robbery. Id. at *2. Maxey testified that the store had an advanced surveillance system, and the State played the surveillance video of the robbery for the jury. Id. at **1-2.

Metropolitan Nashville Police Detective Jason Rosalia testified that he participated in a custodial interrogation of the petitioner along with Detective Gish. Id. at *3. During the interview, the petitioner signed a Miranda waiver and told the detectives that he remembered robbing the Mapco Express. Id. The petitioner told them that he used a bottle concealed under his shirt and never had a pistol. Id. He corrected Detective Gish when the detective mentioned that he took $400 in the robbery, stating that he only took approximately fifty dollars in cash and several cartons of cigarettes. Id. The petitioner blamed his behavior on an addiction to crack cocaine. Id.

After hearing the foregoing proof, the jury convicted the petitioner of aggravated robbery, a Class B felony. Id. at *4. The trial court sentenced him as a career offender to thirty years in the Tennessee Department of Correction. Id. Thereafter, the petitioner appealed to this court, arguing that the evidence was insufficient to sustain his conviction and that the trial court should have suppressed his statement to police. Id. This court found no error and affirmed the petitioner's conviction. Id. at **4-8. The supreme court denied his application for permission to appeal on August 25, 2008. Id.

Subsequently, the petitioner filed a pro se habeas corpus petition, alleging that the "trial court erred in failing to 'authenticate[]' his prior convictions in 'type and number' and in using those prior convictions to sentence him as a career offender." Michael V. Morris v. James Fortner, Warden, No. M2008-01022-CCA-R3-HC, 2009 WL 690304, at *1 (Tenn. Crim. App., at Nashville, Feb. 26, 2009). The habeas corpus court summarily dismissed the petition, and the petitioner appealed. Id. The petitioner argued on appeal that his classification as a career offender violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 542 U.S. 296 (2004). Id. This court concluded that the petitioner's argument was without merit, stating as follows:

> We note that Petitioner failed to attach copies of the challenged prior judgments to his petition which justifies the habeas court's summary dismissal of the petition. Moreover,

even if the trial court erroneously classified him as a career offender, such would not render his sentence void. In addition, this court has repeatedly held that <u>Apprendi</u> or <u>Blakely</u> violations do not render judgments void. Furthermore, no <u>Apprendi</u> or <u>Blakely</u> violation occurred if the trial court enhanced the Petitioner's sentence based on prior convictions.

<u>Id.</u> at *2 (internal citations omitted).

Additionally, the petitioner argued, for the first time on appeal, "that his sentence was imposed in violation of *ex post facto* prohibitions because the offense was committed on August 8, 2004,[1] and he was sentenced on September 6, 2006, but did not sign a waiver to be sentenced under the 2005 sentencing amendments." <u>Id.</u> at *3. This court concluded that the petitioner waived the issue for failure to include the argument in his original habeas corpus petition and further reasoned that the argument would have failed on the merits, stating,

> Second, even assuming Petitioner had properly raised the claim, he has offered no evidence that he was, in actuality, sentenced under the 2005 amended sentencing act, and such is not discernible from the record before us. It is Petitioner's burden to prove that his allegations are true. Third, the provisions of the sentencing act regarding career offenders were not materially changed by the 2005 sentencing amendments and would have made no impact on Petitioner's sentence. Fourth, even further assuming Petitioner was sentenced under the 2005 sentencing amendments without having waived his <u>ex post facto</u> protections, we have previously held that "constitutional infirmities create voidable judgments not void judgments unless the fact of the record establishes that the trial court did not have jurisdiction to convict or sentence the petitioner."

<u>Id.</u> Thus, this court affirmed the habeas court's dismissal of the petitioner's habeas corpus petition. <u>Id.</u> *3.

On September 8, 2008, the petitioner filed a petition for post-conviction relief. He voluntarily withdrew the petition, pursuant to Tennessee Code Annotated section 40-30-

---

[1] According to <u>State v. Michael V. Morris</u>, the offense occurred on August 17, 2004, Docket number 2005-B-875. 2008 WL 544567, at *1. The judgment sheet, attached to the petition for post-conviction relief, lists the offense date as August 18, 2004.

109(c), on May 6, 2009.  The petitioner filed a second petition for post-conviction relief on May 19, 2009, addressing the same issues as the first petition.  Thereafter, the post-conviction court appointed counsel for the petitioner.  Through counsel, the petitioner filed a motion to re-open proceedings on January 8, 2010.  The State responded that the second petition for post-conviction relief did not address any factor acceptable under Tennessee Code Annotated section 40-30-117 for re-opening the proceedings and that the petitioner had waived the issues presented by withdrawing his original petition.  The post-conviction court held a hearing on the motion to re-open on January 19, 2010.  By agreement of the parties, the court heard evidence on the petition for post-conviction relief.

At the hearing, trial counsel testified that she had been employed by the Metropolitan Public Defender's Office since 2001.  She recalled meeting with the petitioner, reviewing the evidence against him, and discussing potential defenses.  Trial counsel stated that the petitioner's defense was that the robbery was not aggravated because he had a concealed water bottle rather than a pistol.  However, counsel admitted that the defense was weak due to the surveillance video, which showed the petitioner stating that he had a pistol.  Trial counsel said that the State made a "very good offer considering his range" but that the petitioner "elected to have a trial."  Trial counsel said that she and the State thoroughly researched the petitioner's criminal history, which spanned several states.  He had  many convictions, and some were very old.  She did not recall whether the petitioner specifically raised a concern about potential ex post facto violations, but she said that he "was most definitely a career offender, anyway you cut it."  Trial counsel testified that her office routinely had defendants execute waivers of ex post facto protections when they were sentenced after June 7, 2005, for crimes committed prior to that date.  Counsel could not recall what conversations she had with the petitioner about executing a waiver.  Regarding the surveillance video of the robbery, trial counsel said there was no way to prevent the State from playing the video for the jury.  The State failed to move the video into evidence, and counsel was able to prevent the jury from viewing the video again during its deliberations, which she regarded as a success.  Trial counsel characterized the surveillance video as "neatly and succinctly [giving] all the elements of the crime in a nice audio/video fashion."  The petitioner was aware of the video prior to trial.  Due to technological incompatibility, the video was only available for review at the district attorney's office, but counsel was sure the petitioner saw the video prior to trial and again during trial.

On cross-examination, trial counsel testified that she was licensed to practice in Massachusetts, California, and Tennessee, and that her career consisted entirely of criminal defense.  She said that her investigation into the petitioner's criminal history assured her that he was properly classified as a career offender.  She explained to him that prior convictions applied to sentencing, regardless of when the convictions occurred, and that the amendments to the Sentencing Act had no impact on the petitioner's career offender status.

Appellate counsel testified that she had been an attorney for ten years and that her practice was divided between criminal defense and family law. She said that she traveled to Only, Tennessee, to have a lengthy meeting with the petitioner regarding issues for appeal. She said that the petitioner wanted to appeal his sentence but that she "did not believe that was a claim that should have been advanced, based upon the fact that he was career offender, and in reviewing his criminal history, appropriately sentenced as a career offender." She did not recall the petitioner raising any concerns about ex post facto violations nor did she recall seeing a waiver of ex post facto protections in the petitioner's file.

The petitioner testified that trial counsel did not provide him with discovery materials but that another attorney representing him in a separate case provided him with the discovery several years after his trial. Trial counsel informed him of the surveillance video, but he did not see the video until the trial was underway. The petitioner said that he would have taken the State's plea offer if he had seen the video before trial. Regarding his ex post facto claims, the petitioner explained that the State's application of the 1989 Sentencing Reform Act classifications to convictions he received in other states prior to 1982 in order to determine his sentencing status was "retrospective" and damaging. Although he never signed a waiver of his ex post facto protections, he was sentenced under the 2005 sentencing amendments. He referred to the trial court's use of the 2005 numbering of enhancement factors rather than the pre-2005 numbering as evidence that he was sentenced under the 2005 amendments.

The post-conviction denied the petition, finding that the petitioner failed to establish that either trial or appellate counsel was ineffective. The post-conviction court found that trial counsel provided the petitioner with discovery materials and discussed trial strategy with him. Furthermore, the post-conviction court found that appellate counsel discussed her strategy with the petitioner. The court found that the petitioner's testimony was not credible and that the petitioner "failed to assert any reason for post-conviction relief." On appeal, the petitioner challenges the post-conviction court's ruling.

## II. Analysis

To be successful in his claim for post-conviction relief, the petitioner must prove all factual allegations contained in his post-conviction petition by clear and convincing evidence. See Tenn. Code Ann. § 40–30–110(f). "'Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.'" State v. Holder, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 n. 3 (Tenn. 1992)). Issues regarding the credibility of witnesses, the weight and value to be accorded their testimony, and the factual questions raised by the evidence adduced at trial are to be resolved by the post-conviction court as the trier of fact. See Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997). Therefore, the post-conviction court's findings of fact are entitled to

substantial deference on appeal unless the evidence preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

A claim of ineffective assistance of counsel is a mixed question of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). We will review the post-conviction court's findings of fact de novo with a presumption that those findings are correct. See Fields, 40 S.W.3d at 458. However, we will review the post-conviction court's conclusions of law purely de novo. Id.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996) (citing Strickland v. Washington, 466 U .S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Notably,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

Goad, 938 S.W.2d at 370 (citing Strickland, 466 U.S. at 697). Moreover, in the context of a guilty plea, "the petitioner must show 'prejudice' by demonstrating that, but for counsel's errors, he would not have pleaded guilty but would have insisted upon going to trial." Hicks v. State, 983 S.W.2d 240, 246 (Tenn. Crim. App. 1998); see also Hill v. Lockhart, 474 U.S. 52, 59 (1985).

On appeal, the petitioner complains that the post-conviction court should have found that trial counsel was ineffective for allowing the petitioner to be sentenced under the 2005 amendments to the Sentencing Act without signing a waiver of ex post facto protections and for failure to provide discovery. Furthermore, he argues that the post-conviction court should have found appellate counsel was ineffective for failing to address the lack of an ex post facto waiver on appeal. The State responds that the petitioner's claims regarding ex post facto protections were previously decided by this court in its opinion denying habeas corpus relief, and, therefore, cannot be the basis for a claim of ineffective assistance of counsel.

Additionally, the State avers that the post-conviction court's accreditation of trial counsel's testimony regarding discovery defeats the petitioner's argument that he did not see the surveillance video until his trial.

Regarding the petitioner's claim that he did not sign a waiver of ex post facto protections, the record on appeal does not reveal whether the petitioner was sentenced under the pre- or post-2005 sentencing scheme.[2] Trial counsel testified that, despite not remembering discussions with the petitioner about the waiver, it was common practice for her office to have defendants execute such a waiver. Therefore, the petitioner has failed to prove by clear and convincing evidence that either trial or appellate counsel was ineffective for failing to address the lack of a waiver. Because the petitioner's appellate brief does not address any other ex post facto issues, despite the numerous claims in his petition for post-conviction relief, he has waived all other claims. See Tenn. R. App. P. 10. As to the surveillance video, the post-conviction court accredited trial counsel's testimony that the petitioner saw the video before trial. Upon our review of the record, we conclude that the evidence does not preponderate against the post-conviction court's findings.

### III. Conclusion

We conclude that the petitioner has failed to establish that trial and appellate counsel were ineffective. Therefore, the post-conviction court did not err by denying the petition for post-conviction relief.

_____
NORMA MCGEE OGLE, JUDGE

---

[2]This court attempted to obtain the petitioner's direct appeal record. However, the record was damaged in the 2009 flood and has not been recovered.